UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **RUFUS WHITE, JR.**<br>    LA. DOC #322954<br>VS. | **CIVIL ACTION NO. 5:13-cv-0971**<br><br>**SECTION P**<br><br>**JUDGE TOM STAGG** |
| **WARDEN BURL CAIN** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Rufus White, Jr., an inmate in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on May 10, 2013. Petitioner attacks his conviction for possession of cocaine, his subsequent adjudication as a third felony offender, and the life sentence imposed by the First Judicial District Court, Caddo Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

*Background*

Sometime prior to June 6, 2003, petitioner was convicted of possession of cocaine following trial by jury in the First Judicial District Court. Thereafter he was adjudicated a third felony offender and sentenced to life imprisonment. He appealed his conviction, adjudication, and sentence to the Second Circuit Court of Appeals and on June 6, 2003, his conviction, adjudication and sentence were affirmed. Rehearing was denied on August 14, 2003. *State of Louisiana v. Rufus Edward White, Jr.,* 36,935 (La. App. 2 Cir. 6/6/2003), rehearing denied

8/14/2003. His application for writs was denied by the Louisiana Supreme Court on May 14, 2004. *State of Louisiana v. Rufus Edward White, Jr.*, 2003-2616 (La. 5/14/2004), 872 So.2d 510. He did not seek further review in the United States Supreme Court. [Doc. 1, ¶9(h)]

On August 25, 2005, he filed an application for post-conviction relief in the First Judicial District Court. [Doc. 1, ¶11 (a)(3); Doc. 1-3, p. 3] For reasons not explained, the application remained pending until February 12, 2011, when the District Court denied relief. [Doc. 1-3, p. 3] Petitioner sought review in the Second Circuit Court of Appeals and his writ application was granted in part and denied in part and remanded to the District Court for further proceedings. Thereafter on July 17, 2012, the District Judge denied relief. Petitioner again sought review in the Second Circuit and on October 12, 2012, his application for writs was denied. His subsequent application for writs was denied by the Louisiana Supreme Court on April 12, 2013. *State of Louisiana ex rel. Rufus White, Jr. v. State of Louisiana*, 2012-2510 (La. 4/12/2013) [Doc. 1-3, pp. 3-4]

He signed the instant petition on May 2, 2013, arguing the following claims for relief: (1) Counsel failed to call defendant to testify in his own behalf upon request by the defendant to do so; (2) Counsel failed to request hearing outside presence of jurors in order to determine introduction of other crimes evidence; and (3) Ineffective Assistance of Counsel at the multiple offender hearing. [Doc. 1-2, p. 3]

*Law and Analysis*

Title 28 U.S.C. § 2244(d)(1) (as amended by the Anti-terrorism and Effective Death Penalty Act of 1996 or AEDPA) provides a one-year statute of limitations for the filing of applications for *habeas corpus* by persons, such as petitioner, who are in custody pursuant to the

judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[1]

The statutory tolling provision of 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas v. Johnson,* 184 F.3d 467, 467 (5th Cir. 8/9/1999), citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner appealed his conviction, adjudication, and sentence to the Second Circuit Court of Appeals, and on June 6, 2003, his conviction, adjudication and sentence were affirmed and rehearing was denied shortly thereafter. *State of Louisiana v. Rufus Edward White, Jr.,* 36,935 (La. App. 2 Cir. 6/6/2003), rehearing denied 8/14/2003. His application for writs was denied by the Louisiana Supreme Court on May 14, 2004. *State of Louisiana v. Rufus Edward White, Jr.*, 2003-2616 (La. 5/14/2004), 872 So.2d 510. He did not seek further review in the United States Supreme Court. [Doc. 1, ¶9(h)]

---

[1] The pleadings and exhibits do not suggest that any State created impediments prevented the filing of this petition. Further, the claims asserted do not rely on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. [See 28 U.S.C. § 2244(d)(1)(B) and, (C)] Finally, it does not appear that petitioner may rely upon the provisions of §2244(d)(1)(D) since the petition does not allege the late discovery of the factual basis for the petition.

Petitioner's judgment of conviction "became final by the ... expiration of the time for seeking ...  [direct] review" [28 U.S.C. § 2244(d)(1)(A)], on or about August 12, 2004, when the ninety-day period for seeking further direct review in the United States Supreme Court expired. See Supreme Court Rule 13;  *Ott v. Johnson*, 192 F.3d 510 (5th Cir. 1999) (The state court judgment is not final for *habeas* purposes until the 90 day period for filing a *writ of certiorari* to the United States Supreme Court has expired.) Since petitioner's judgment of conviction became final for AEDPA purposes on August 12, 2004, he had one year, or until August 12, 2005, to file his federal *habeas corpus* suit.

Petitioner cannot rely on the tolling provisions of §2244(d)(2) because he did not file his application for post-conviction relief until August 25, 2005 [Doc. 1, ¶11 (a)(3); Doc. 1-3, p. 3] and by that time the limitations period had already expired. As noted above, any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas v. Johnson,* 184 F.3d 467, 467 (5th Cir. 8/9/1999), citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998).  In short, this petition is time-barred by the provisions of 28 U.S.C. §2244(d).

### *Equitable Tolling*

The AEDPA's one-year limitation period is subject to equitable tolling but, only in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999); see also *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently  rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)).  As recently noted by the Supreme Court, "To be entitled to

equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Neither unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason), ignorance of the law, nor even lack of representation during the applicable filing period merits equitable tolling. *See Turner v. Johnson*, 177 F.3d 390, 291 (5th Cir.1999); see also *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (age discrimination case). Here, although provided the opportunity to do so, petitioner failed to show that some "extraordinary circumstance stood in his way and prevented timely filing." *Mathis v. Thaler*, 616 F.3d 461, 474–75 (5th Cir.2010).

The circumstances alleged herein are not extraordinary enough to qualify for equitable tolling under § 2244(d)(1). "Equitable tolling applies principally where the plaintiff is <u>actively misled by the defendant</u> about the cause of action <u>or is prevented in some extraordinary way from asserting his rights</u>." *Coleman v. Johnson*, 184 F.3d 398, 402 (1999), *cert. denied,* 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996) (emphasis supplied). The pleadings do not suggest that petitioner was "actively misled" nor do they suggest that he was prevented in any way from asserting his rights.

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH**

**PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties  may file a memorandum setting forth arguments on whether a certificate of appealability should issue.**  See 28 U.S.C. §2253(c)(2).  **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In chambers, Monroe, Louisiana, June 13, 2013.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE